UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS - HOUSTON DIVISION

| | |
|---|---|
| MICHAEL KORS, L.L.C., a Delaware Limited Liability Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HERNANDEZ INTERNATIONAL, INC. dba ALEX TRADING, a Texas Corporation; ALEX INTERNATIONAL, an unknown business entity dba DANNY'S HANDBAGS; LETICIA LUQUEZ CORDERO, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. 4:15-cv-00844 |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**Plaintiff Michael Kors, L.L.C.** in its claim against **Defendants Hernandez International, Inc. dba Alex Trading**, **Alex International dba Danny's Handbags**, and **Leticia Luquez Cordero** (collectively "Defendants") respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for trademark infringement, trade dress infringement, unfair competition, and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition under the statutory and common law of the state of Texas. This Court has subject matter jurisdiction over the Federal trademark infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise from the same set of facts as Plaintiff's Lanham Act claims.

3. This Court has personal jurisdiction over Defendants because Defendants

are incorporated, domiciled, and/or do business in this judicial district.

4. This action arises out of wrongful acts by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Michael Kors, L.L.C. ("Michael Kors") is a limited liability corporation duly organized and existing under the laws of the state of Delaware, having an office and principle place of business at 11 West 42nd Street, New York, New York 10036. Michael Kors is a global luxury lifestyle brand led by renowned award-winning design Mr. Michael Kors. Since launching his namesake brand over 30 years ago, Michael Kors has featured distinctive designs, materials and craftsmanship with a jet-set aesthetic that combines stylish elegance and a sporty attitude. Mr. Kors's vision has taken the Company from its beginnings as an American luxury sportswear house to a global accessories, footwear and apparel company with a presence in approximately 100 countries. Michael Kors has developed significant and valuable intellectual property rights in its Michael Kors brands, which are identified by federally registered trademarks.

6. Upon information and belief, Defendant Hernandez International, Inc. is a Texas corporation doing business as "Alex Trading" with its office and principal place of business located at 14206 Beech Meadow Drive, Houston, Texas 77083 and at 11014 Airline Drive, Houston, Texas 77037.

7. Upon information and belief, Defendant Alex International is an unknown business entity doing business as "Danny's Handbags" with its office and principal place of business located at 6855 Harwin Drive, Suite M, Houston, Texas 77036.

8. Upon information and belief, Defendant Leticia Luquez Cordero is an individual domiciled in this judicial district and is an owner, officer, director, and/or managing agent of Hernandez International, Inc. dba Alex Trading and Alex International dba Danny's Handbags.

9. Michael Kors is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Michael Kors will seek leave to amend this complaint when their true names and capacities are ascertained. Michael Kors is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10. Michael Kors is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Michael Kors further alleges that Defendants had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The World Famous Michael Kors Brands and Products

11. Michael Kors is a famous and valuable global luxury lifestyle brand launched in 1981 by award-winning designer Michael Kors. The company has evolved from an American luxury sportswear house to a global accessories, footwear and apparel company with a presence in approximately 100 countries.

12. Michael Kors offers two primary collections: the Michael Kors collection and the MICHAEL Michael Kors collection (together, the "Michael Kors Products").

13. The Michael Kors collection was first introduced in 1981 and reflects the pinnacle of luxury. The Michael Kors collection is carried in Michael Kors retail stores and in some of the finest luxury department stores in the world, including, but not limited to Nordstrom, Saks Fifth Avenue and Neiman Marcus. This collection consists of

accessories, including handbags and small leather goods (many of which are made from high quality leathers and other exotic skins), footwear and apparel.

14. The MICHAEL Michael Kors collection, an accessible luxury collection, was first introduced in 2004. This collection focuses on accessories, but also includes footwear and apparel. The MICHAEL Michael Kors collection is carried in Michael Kors lifestyle stores and in leading department stores throughout the world.

15. There are currently more than two hundred seventy (270) Michael Kors stores in the United States, including within this judicial district.

16. Through extensive and longstanding use of its trademarks, Michael Kors has developed significant and valuable intellectual property rights in its Michael Kors brands for which the United States Patent and Trademark Office has granted numerous federal trademark registrations, including, but not limited to the following ("Michael Kors Marks"):

| Trademark | Registration No. | Good And Services |
| --- | --- | --- |
| **MICHAEL KORS** | 1,977,507 | Class 25 – *inter alia*, women's clothing, shirts |
| | 2,049,326 | Class 25 – *inter alia*, women's and men's clothing, belts, boots, caps, hats, scarves, t-shirts |
| | 2,520,757 | Class 18 – *inter alia*, handbags, billfolds, credit card cases, tote bags |
| | 2,520,758 | Class 9 – eyeglasses and eyeglass cases |
| | 2,547,039 | Class 35 – retail store services in the fields of clothing, jewelry and clothing accessories |
| | 3,160,981 | Class 14 – watches |
| | 4,052,748 | Class 14 – jewelry |

| | | |
|---|---|---|
| **MICHAEL MICHAEL KORS** | 3,080,631 | Class 9 – *inter alia*, sunglasses, eyeglass cases |
| | | Class 18 – bags, namely, tote bags, handbags, purses, wallets |
| | | Class 25 – *inter alia*, men's and women's clothing, hats, belts, sport shirts, t-shirts, footwear, belts |
| | 4,052,752 | Class 14 - jewelry |
| **MK MICHAEL KORS** | 3,438,412 | Class 9 – *inter alia*, sunglasses, eyeglass cases, eye wear for sport |
| | | Class 18 – handbags |
| | | Class 25 – *inter alia*, women's and men's clothing, scarves, hats, t-shirts, headwear, belts |
| | 3,535,310 | Class 14 – watches |

17.     The above registrations for the Michael Kors Marks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.  The Michael Kors Marks have been used exclusively and continuously by Michael Kors, some since at least as early as 1981, and have never been abandoned.

18.     The MICHAEL Michael Kors collection of handbags and accessories is widely recognized for its "MK" design pattern wherein the letters "MK" in block font are featured in repetitious rows to create the below design, which is distinctive, non-functional and serves to identify Michael Kors as the source of said products ("MK Block Trade Dress")

 

19. The MK Block Trade Dress was an original design by Michael Kors, the elements thereof are nonfunctional, and its distinctive quality has achieved a high degree of consumer recognition and secondary meaning.

20. The Michael Kors Marks and MK Block Trade Dress are exclusive to Michael Kors and its authorized licensees, and are displayed extensively on Michael Kors Products and in Michael Kors's marketing and promotional materials.  In fact, Michael Kors has expended millions of dollars annually in advertising, promoting and marketing featuring the Michael Kors Marks and MK Block Trade Dress.  Michael Kors Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and being renowned as desired luxury items.  Because of these and other factors, the Michael Kors name and the Michael Kors Marks and MK Block Trade Dress have become famous throughout the United States, including within this jurisdiction.

21. The Michael Kors Marks and MK Block Trade Dress are distinctive and when applied to the Michael Kors Products, signify to the purchaser that the products come from Michael Kors and are manufactured to Michael Kors's high quality standards.

The Michael Kors Marks and MK Block Trade Dress have achieved tremendous fame and recognition, which has only added to the distinctiveness of the marks. As such, the goodwill associated with the Michael Kors Marks and MK Block Trade Dress is of incalculable and inestimable value to Michael Kors.

22. Michael Kors has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Michael Kors Marks and MK Block Trade Dress. As a result, products bearing said marks/trade dress are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Michael Kors.

### B. Defendants' Infringing Activities

23. Upon information and belief, Michael Kors hereon avers that Defendants have manufactured, designed, advertised, marketed, distributed, offered for sale, and/or sold products bearing marks substantially indistinguishable and/or confusingly similar to the Michael Kors Marks and MK Block Trade Dress ("Infringing Products").

24. In or around November 2013, Michael Kors discovered the marketing, advertisement, promotion, offering for sale, and sale of Infringing Products by Defendants at retail stores located in this judicial district.

25. On or about November 16, 2013, law enforcement served a search warrant at two locations out of which Defendants was operating - 11014 Airline Drive, Houston, Texas 77037 and 6855 Harwin Drive, Suite M, Houston, Texas 77036. Numerous Infringing Products bearing the marks of various luxury brands were seized by law enforcement, including 20,478 units of various types of Infringing Products bearing the Michael Kors Marks and/or MK Block Trade Dress, including labels, handbags, wallets, belts, hats, t-shirts, coin purses, watches, duffel bags, sunglasses, sweat suits, wristlets, earrings, boots, scarves, and even an embossing machine with a stamp of the Michael Kors Mark.

26. Upon information and belief, Chanel hereon avers that Defendant Leticia Luquez Cordero is an owner, officer, director, and/or managing agent of Hernandez International, Inc. dba Alex Trading and Alex International dba Danny's Handbags and is the active, moving, conscious force behind the infringing activities alleged herein.

27. Defendants have never been authorized by Michael Kors to manufacture, sell or offer for sale products bearing any of the Michael Kors Marks and/or MK Block Trade Dress.  Moreover, Defendants have never been licensees of Michael Kors and have never been licensed in any manner to import, sell, distribute, or manufacture any merchandise bearing the Michael Kors Marks and/or MK Block Trade Dress.

28. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Michael Kors's ownership of the Michael Kors Marks and/or MK Block Trade Dress, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29. Upon information and belief, Defendants have engaged in the aforementioned infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Michael Kors's rights for the purpose of trading off the goodwill and reputation of Michael Kors.  If Defendants' willful infringing activities are not preliminarily and permanently enjoined by this Court, Michael Kors and the consuming public will continue to be damaged.

30. Defendants' above-identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Michael Kors's genuine goods and Defendants' Infringing Products.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement – 15 U.S.C. § 1114)

31. Michael Kors incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

32. Defendants have willfully used numerous counterfeit designations of the registered Michael Kors Marks on goods for which Michael Kors holds federal trademark registrations.

33. Michael Kors has not authorized Defendants' use of any of the Michael Kors Marks to manufacture, advertise, offer for sale, sell and/or distribute Defendants' Infringing Products.

34. Defendants' unauthorized use of the Michael Kors Marks is likely to cause confusion, mistake or deception and is likely to cause the public to believe that Michael Kors has produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Michael Kors.

35. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Michael Kors and reap the benefit of Michael Kors's goodwill associated with the Michael Kors Marks.

36. As a direct and proximate result of Defendants' willful and unlawful conduct, Michael Kors has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing the Michael Kors Marks.  Defendants' acts have damaged and will continue to damage Michael Kors, and Michael Kors has no adequate remedy at law.

37. Accordingly, Defendants have engaged in trademark infringement in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), and are liable to Michael Kors for all damages related thereto, including, but not limited to actual

damages, profits and/or statutory damages, as well as attorney's fees.

38. In light of the foregoing, Michael Kors is entitled to injunctive relief and to recover from Defendants all damages, including attorneys' fees, that Michael Kors has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement – 15 U.S.C. § 1125)

39. Michael Kors incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

40. The MK Block Trade Dress is non-functional in its entirety, visually distinctive, and is unique in the industry. The design of the MK Block Trade Dress is neither essential to its use or purpose nor does it affect the cost or quality of the products on which it appears. The MK Block Trade Dress serves only to render Michael Kors's Products distinct and recognizable as goods originating from Michael Kors.

41. The MK Block Trade Dress is an original design by Michael Kors and has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Michael Kors as the source of high-quality goods.

42. Michael Kors has continuously used the MK Block Trade Dress in interstate commerce in connection with the sale, distribution, promotion, and advertising of its Michael Kors goods since at least as early as 2007.

43. The MK Block Trade Dress is one of the most well recognized and commercially successful styles of the MICHAEL Michael Kors collection, having been featured on Michael Kors's advertising and promotional materials as well as in various trade publications. The MK Block Trade Dress has received a high volume of unsolicited

media attention, and has graced the pages of many popular magazines nationwide and internationally

44. Due to its long use, extensive sales, and significant advertising and promotional activities, Michael Kors's MK Block Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States.

45. The Infringing Products produced, distributed, advertised and offered for sale by Defendants bear nearly identical reproductions of the MK Block Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Michael Kors of Defendants' products.

46. Defendants' use of the MK Block Trade Dress is without Michael Kors's permission or authority and in total disregard of Michael Kors's rights to control its intellectual property.

47. Defendants' use of the MK Block Trade Dress is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Defendants' products are produced, sponsored, authorized, or licensed by or that are otherwise connected or affiliated with Michael Kors, all to the detriment of Michael Kors.

48. Michael Kors has no adequate remedy at law.

49. In light of the foregoing, Michael Kors is entitled to injunctive relief prohibiting Defendants from using Michael Kors's MK Block Trade Dress, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Michael Kors has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin and False Designations – 15 U.S.C. §1125(a))

50.     Michael Kors incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

51.     Defendants' unauthorized use of the Michael Kors Marks and MK Block Trade Dress in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Michael Kors or come from Michael Kors when in fact they do not.

52.     Defendants' use of the Michael Kors Marks and MK Block Trade Dress is without Michael Kors's permission or authority and in total disregard of Michael Kors's rights.

53.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Michael Kors has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Michael Kors.

54.     Michael Kors has no adequate remedy at law.

55.     Defendants' egregious conduct in selling infringing merchandise is willful and intentional.

56.     In light of the foregoing, Michael Kors is entitled to injunctive relief prohibiting Defendants from using the Michael Kors Marks and MK Block Trade Dress, or any trademarks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Michael Kors has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Federal Trademark Dilution – 15 U.S.C. § 1125(c))

57. Michael Kors incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

58. Michael Kors is the exclusive owner of the Michael Kors Marks.

59. The Michael Kors Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act.

60. The Michael Kors Marks are all inherently distinctive marks that have been in use for many years and play a prominent role in Michael Kors's marketing, advertising, and the popularity of its products.

61. The Michael Kors Marks were famous long before Defendants began using unauthorized reproductions, counterfeits, copies, and colorable imitations of the Michael Kors Marks.

62. Defendants have used counterfeit reproductions and/or marks confusingly similar to the Michael Kors Marks in commerce and in connection with the sale of their products.

63. Consumers are likely to purchase Defendants' Infringing Products in the erroneous belief that Defendants are affiliated, connected or associated with Michael Kors or that Michael Kors is the source of the Infringing Products.

64. Defendants' acts described above have diluted and continue to dilute Michael Kors's unique and distinctive trademarks. Defendants' unlawful use of the Michael Kors Marks in connection with inferior Infringing Products is also likely to tarnish the Michael Kors Marks and cause blurring in the minds of consumers between Michael Kors and Defendants, thereby lessening the value of the Michael Kors Marks as unique identifiers of Michael Kors's products.

65. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Michael Kors, causing damage to Michael Kors in an

amount to be determined at trial, as well as irreparable injury to Michael Kors's goodwill and reputation associated with the value of the Michael Kors Marks.

66. Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Michael Kors's reputation and to dilute the Michael Kors Marks. Defendants' conduct is willful, wanton and egregious.

67. Defendants' acts have caused and will continue to cause irreparable injury to Michael Kors. Michael Kors has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

68. In light of the foregoing, Michael Kors is entitled to injunctive relief prohibiting Defendants from using the Michael Kors Marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Michael Kors has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM FOR RELIEF
### (Injury To Business Reputation Or Trademark, § 16.29 T.B.C.C.)

69. Michael Kors incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

70. The Michael Kors Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

71. Through prominent, long, and continuous use in commerce, including commerce within the State of Texas, the Michael Kors Marks have become and continue to be famous and distinctive.

72. Defendants' unauthorized use of the Michael Kors Marks dilutes the distinctive quality of the Michael Kors Marks and decreases the capacity of such marks to

identify and distinguish Michael Kors's products and has caused a likelihood of harm to Michael Kors's business reputation.

73. By the acts described above, Defendants have caused and will continue to cause irreparable injury to Michael Kors's goodwill and business reputation, in violation of Texas Business and Commerce Code § 16.29.

74. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

75. Defendants are liable to Michael Kors for all damages, whether direct or indirect, for the misappropriation of Michael Kors's trademarks, name, reputation and goodwill, which damages are subject to trebling.

76. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

77. Defendants' acts have damaged and will continue to damage Michael Kors, and Michael Kors has no adequate remedy at law.

78. In light of the foregoing, Michael Kors is entitled to injunctive relief prohibiting Defendants from using the Michael Kors Marks, to recover all damages, including attorneys' fees, that Michael Kors has sustained and will sustain as a result of Defendants' infringing acts alleged above; to recover all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known; and to recover the costs of this action.

## SIXTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

79. Michael Kors incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

80. Michael Kors owns and enjoys common law trademark rights in the Michael Kors Marks and MK Block Trade Dress in the State of Texas and throughout the United States.

81. Defendants' infringing activities in appropriating rights in Michael Kors's common law trademarks are intended to capitalize on Michael Kors's goodwill for the purpose of Defendants' own pecuniary gain. Michael Kors has expended substantial time, resources and efforts to obtain an excellent reputation for the Michael Kors brands. As a result of Michael Kors's efforts, Defendants are now unjustly enriched and are benefiting from intellectual property rights that rightfully and exclusively belong to Michael Kors.

82. Defendants' unauthorized use of the Michael Kors Marks and MK Block Trade Dress has caused and is likely to cause confusion as to the source of Defendants' Infringing Products, to the detriment of Michael Kors.

83. Defendants' acts are willful, deliberate, and intended to confuse the public and/or to injure Michael Kors.

84. Defendants' acts constitute unfair competition, palming off, and/or misappropriation in violation of Texas common law, for which Plaintiff is entitled to recover any and all remedies provided by such common law.

85. Michael Kors has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' aforementioned infringing activities, unless Defendants are permanently enjoined by this Court.

86. The conduct herein complained of was, and continues to be, extreme, outrageous, and fraudulent, and was, and continues to be, inflicted on Michael Kors in reckless disregard of Michael Kors's common law trademark rights in the Michael Kors Marks and MK Block Trade Dress. Said conduct was and continues to be harmful to Michael Kors, and as such supports an award by this Court of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter Defendants from similar conduct in the future.

87. Michael Kors has no adequate remedy at law.

88.     In light of the foregoing, Michael Kors is entitled to injunctive relief prohibiting Defendants from using the Michael Kors Marks and MK Block Trade Dress, or marks/designs identical and/or confusingly similar thereto, for any reason; to recover all damages, including attorneys' fees, that Michael Kors has sustained and will sustain as a result of Defendants' infringing acts alleged herein; to recover all gains, profits and/or advantages obtained by Defendants as a result thereof, in an amount not yet known; and to recover from Defendants the costs associated with this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Michael Kors, L.L.C. respectfully prays for judgment against Defendants on all claims, as follows:

1.      For entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a)     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products and/or any other products that bear the Michael Kors Marks and MK Block Trade Dress, or any other marks and/or designs identical and/or confusingly similar thereto;

(b)     engaging in any other activity constituting unfair competition with Michael Kors, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Michael Kors;

(c)     engaging in any other activity that will dilute the distinctiveness of the Michael Kors Marks;

(d)     committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by,

authorized by, offered by, produced by, sponsored by, or in any other way associated with Michael Kors;

     2.     For entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Michael Kors for destruction, or other disposition, all remaining inventory of the Infringing Products, in addition to any other goods that infringe upon Michael Kors's rights to the Michael Kors Marks and/or MK Block Trade Dress, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

     3.     For entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Infringing Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Infringing Products;

     4.     For entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts;

     5.     For entry of an ORDER directing Defendants to file with this Court and serve on Michael Kors within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

     6.     For an assessment of the Damages suffered by Michael Kors, trebled, and an award of all profits that Defendants have derived from using the Michael Kors Marks and MK Block Trade Dress, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act;

     7.     Alternatively, that Michael Kors be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark infringed per type of good with respect to Defendants' infringement of the Michael Kors Marks;

     8.     For an award of applicable interest amounts, costs, disbursements, and/or attorneys' fees;

9. For an award of profits, damages, and fees to the full extent available, and punitive damages to the full extent available in connection with its claims under Texas law; and

10. Such other relief as may be just and proper.

Dated: July 20, 2015  
Manhattan Beach, CA

Respectfully Submitted,

*/s/ Cindy Chan*_____  
Brent H. Blakely (2137566)  
Cindy Chan (2137564)  
BLAKELY LAW GROUP  
1334 Parkview Avenue, Suite 280  
Manhattan Beach, California 90266  
T: (310) 546-7400  
F: (310) 546-7401  
***Attorneys for Plaintiff Michael Kors, L.L.C.***

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Michael Kors, L.L.C. hereby demands a trial by jury of all claims in this litigation.

Dated: July 20, 2015  
Manhattan Beach, CA

Respectfully Submitted,

*/s/ Cindy Chan*_____  
Brent H. Blakely (2137566)  
Cindy Chan (2137564)  
BLAKELY LAW GROUP  
1334 Parkview Avenue, Suite 280  
Manhattan Beach, California 90266  
T: (310) 546-7400  
F: (310) 546-7401  
***Attorneys for Plaintiff Michael Kors, L.L.C.***